UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS BOUDREAUX,<br><br>    Plaintiff,<br>v.<br><br>JAMES WALKER, Warden,<br><br>    Respondent. | Case No. 09cv0662-BEN (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On March 26, 2009[1], Petitioner Thaddeus Boudreaux, a state prisoner proceeding *pro se*, filed the Petition for Writ of Habeas Corpus

---

[1]In determining the filing date of a petition, *pro se* prisoners generally are entitled to the benefit of the "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison authorities for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the record does not reflect the date on which Petitioner presented his petition to prison authorities, nor does it reflect the date on which he presented relevant state-court filings while incarcerated. Because the presentation date is unavailable, and to provide Petitioner the greatest benefit of the doubt, this Court will use the filing date as the date on which the document was signed. See Lopez v. Felker, 536 F.Supp.2d 1154, 1155 n.1 (C.D. Cal. 2008) (filing date is date on which petition was signed).

currently before the Court. Doc. No. 1 (Petition). Petitioner challenges the sentence imposed after his 1997 convictions for a variety of crimes. Id. at 2. On September 23, 2009, Respondent filed a motion to dismiss the petition on untimeliness grounds. Doc. No. 11-2 (Motion to Dismiss).

This Court has considered the Petition, Respondent's Motion to Dismiss, Petitioner's opposition to Respondent's motion to dismiss, and all other documents submitted by the parties. For the reasons set forth below, this Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 1997, in a retrial following the reversal of a prior judgment, a San Diego jury convicted Petitioner of kidnaping with personal use of a firearm in violation of California Penal Code ("Cal. Penal Code") §§207(a), 12022.5(a), attempted robbery with the personal use of a firearm, Cal. Penal Code §§ 664, 211, 213(b), 12022.5(a), assault with the personal use of a firearm, Cal. Penal Code § 245(a)(2) kidnaping for sexual purposes with the personal use of a firearm, Cal. Penal Code §§ 207, 208(d), 12022.5 (a), oral copulation while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code §§ 288a(d), 12022.3(a), 667.8(a), forcible rape while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code § 261(a)(2), 12022.3(a), 264.1, 667.8(a), two counts of forcible sodomy while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code § 286(b), 12022.3(a), 667.8(a), forcible oral copulation with the use of a firearm, having

kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code § 288a(c), 12022.3(a), 667.8(a), possessing a firearm after having been convicted of a prior violent felony, Cal. Penal Code § 12021(a) and possessing a firearm as an ex-felon Cal. Penal Code § 12021(a). Lodg. 1 at 1-2. Petitioner was sentenced to a term of seventy-five years and eight months. Id. at 2.

Petitioner appealed, and in an unpublished opinion filed May 25, 1999, the California Court of Appeal reduced Petitioner's sentence by nine years. Lodg. 1. Petitioner filed a petition for review in the California Supreme Court, which the court denied on August 11, 1999. Lodg. 2. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. Doc. No. 1 at 3.

On June 22, 2000, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court. Lodg. 3. The superior court denied the petition on May 28, 2002, and again in a virtually identical amended decision, issued June 19, 2002. Lodgs. 4 & 5.

More than five years later, on December 13, 2007, Petitioner filed a second petition for writ of habeas corpus in the San Diego County Superior Court, which was denied on February 22, 2008. Lodgs. 6 & 7. On April 10, 2008, Petitioner filed a habeas petition in the state appellate court, which the court denied on June 25, 2008. Lodgs. 8 & 9. Petitioner filed a habeas petition in the California Supreme Court on August 5, 2008, which was denied on February 11, 2009. Lodgs. 10 & 11. Petitioner filed the instant federal petition on March 26, 2009. Doc. No. 1.

## **SCOPE OF REVIEW**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2006).

## DISCUSSION

Respondent contends that the Petition should be dismissed because it is barred by the one-year statute of limitations. Doc. No. 11-2. Petitioner asserts that he diligently attempted to obtain his court transcripts and documents and that he did not learn of the factual predicate of his claims until November 2007. Doc. No. 15-1 (Opposition to Motion to Dismiss). Accordingly, Petitioner argues that either he is entitled to an equitable tolling of the statute of limitations or his petition is timely pursuant to subsection D of the AEDPA statute of limitations. Id. at 6-9.

### A.   The AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (West Supp. 2006). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court." Id. § 2244(d)(1). The one-year limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was

1    initially recognized by the Supreme Court, if the right has
2    been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or

3    (D)  the date on which the factual predicate of the claim or
     claims presented could have been discovered through the
4    exercise of due diligence.

5    Id. § 2244(d)(1)(A)-(D).

6    Here, the parties disagree as to which provision governs the

7    commencement of the limitations period.  Because the limitations period

8    runs from the latest of the two dates (28 U.S.C. §2244(d)(1)), the Court

9    will address each provision separately.

10   **B.  Conclusion of Direct Review, 28 U.S.C. §2244(d)(1)(A)**

11   Subsection A provides that the statute of limitations begins to run

12   on "the date on which the judgment became final by the conclusion of

13   direct review or the expiration of the time for seeking such review."

14   Id. § 2244(d)(1)(A).  The California Supreme Court denied Petitioner's

15   first petition for review on direct appeal on August 11, 1999.  Lodg. 2.

16   Petitioner did not file a petition for certiorari with the United States

17   Supreme Court so the statute of limitations began to run ninety days

18   later on November 9, 1999.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th

19   Cir. 1999) (limitations period does not begin until after expiration of

20   ninety-day period for seeking certiorari).  Absent tolling, the

21   limitations period expired one year later on November 9, 2000.  28

22   U.S.C. § 2244(d).  Because Petitioner did not file his federal habeas

23   petition until March 26, 2009, the petition is untimely unless

24   sufficiently tolled.

25   **1.  Petitioner Is Entitled to Statutory Tolling**

26   The AEDPA tolls its one-year limitations period for the "time

27   during which a properly filed application for State post-conviction or

28   other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); Nino

1   v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). The statute of
2   limitations is not tolled, however, "from the time a final decision is
3   issued on direct state appeal [to] the time the first state collateral
4   challenge is filed." Nino, 183 F.3d at 1006. Similarly, the
5   limitations period is not tolled after state post-conviction proceedings
6   are final and before federal habeas proceedings are initiated. See 28
7   U.S.C. § 2244(d)(2).

8       In this case, the statute of limitations began to run on November
9   9, 1999. It was tolled when Petitioner filed a habeas petition in the
10  California Superior Court on June 22, 2000.[2] See 28 U.S.C. § 2244(d)(2);
11  Nino, 183 F.3d at 1006. Accordingly, 225 days of the limitations period
12  expired, leaving Petitioner with 140 days in which to timely file a
13  federal petition. But tolling merely pauses the clock; it does not
14  restart the limitations period. Ferguson v. Palmateer, 321 F.3d 820,
15  823 (9th Cir. 2003). Thus, the statutory clock began running again when
16  the San Diego County Superior Court issued its amended decision on June
17  19, 2002. To comply with the AEDPA statute of limitations, Petitioner
18  needed to file a federal petition on or before November 6, 2002. He did
19  not do so.

20      Instead, Petitioner waited until December 13, 2007, when he filed
21  a second petition for writ of habeas corpus in the San Diego County
22  Superior Court. There is no tolling for the period between sets of
23  state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)
24  (no tolling once California Supreme Court denied review; "[a]s of that

25

26  _____

27      [2]Here, Petitioner signed the habeas petition on June 22, 2000. Although it was
    not *filed* in the California Superior Court until June 28, 2000, the mailbox rules
    operates to make June 22, 2000 the constructive date of filing. Lopez, 536 F.Supp.2d
28  at 1155 n.1.

date, [Petitioner] ceased to have an application for post-conviction review pending."). Additionally, once the statute has run, a collateral action cannot revive it. <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, the instant petition, filed on March 26, 2009, is untimely.

    **2.   <u>Petitioner Fails to Show That Equitable Tolling Is Warranted</u>**

    In the Ninth Circuit, the AEDPA's one-year statute of limitations is subject to equitable tolling.[3] <u>See Harris v. Carter</u>, 515 F.3d 1051, 1055 n.4 (9th Cir. 2008) (confirming the Ninth Circuit holding that § 2244(d) allows for equitable tolling); <u>Roy v. Lampert</u>, 465 F.3d 964, 970 (9th Cir. 2006) (same). While equitable tolling is "unavailable in most cases," <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Petitioners face such a high bar so as to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." <u>Guillory v. Rose</u>, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing <u>Carey v. Saffold</u>, 536 U.S. 214, 226 (2002)).

    Petitioner argues that he is entitled to equitable tolling because "extraordinary circumstances beyond [his] control made it impossible to file a petition on time." Doc. No. 15-1 at 7. Petitioner explains that

---

    [3] The Supreme Court has never squarely addressed the question of whether § 2244(d) allows for equitable tolling of the AEDPA's statute of limitations. <u>See Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling applies to the AEDPA's limitations period).

09cv662-BEN (BLM)

between April 12, 2002 and October 6, 2003, he attempted to obtain court transcripts and documents from his attorney and between September 20, 2002 and March 22, 2004, he attempted to obtain the same documents from the San Diego Superior Court. Id. at 8. He does not acknowledge receiving correspondence from his lawyer but states that "[a]fter having been told that [his] legal documents were contained in his CDC personal property," he attempted to obtain them, determined they were lost, and challenged that loss via the inmate grievance process, in documents allegedly submitted between May 16, 2002 and November 3, 2003. Id. at 8-9. Finally, Petitioner asserts that on December 18, 2004, he solicited the assistance of another attorney in obtaining the documents. Id. at 9. Petitioner alleges that all of his efforts were unsuccessful and he was unable to obtain the requested documents. Id. at 8-9. Petitioner's claims, even if true, do not make his federal petition timely.

Initially, even if the Court found that all of the time Petitioner alleges he spent actively trying to obtain his legal documents (from April 12, 2002 to December 18, 2004) was subject to equitable tolling, Petitioner still missed the AEDPA deadline. As discussed above, 225 days expired before Petitioner filed his first state habeas petition so only 140 days remained. If time was tolled until December 18, 2004, Petitioner would have had to file his federal habeas petition by May 7, 2005. Petitioner did not file his next state habeas petition until December 13, 2007 and his federal habeas petition until March 26, 2009. Accordingly, even if Petitioner were entitled to equitable tolling, his petition is untimely.

However, Petitioner is not entitled to equitable tolling. As noted above, the equitable tolling analysis has both diligence and

1   extraordinary circumstance components. <u>Pace</u>, 544 U.S. at 418.

2   Petitioner has not satisfied either component.

3      While Petitioner presents some evidence[4] that he repeatedly

4   attempted to obtain his court transcripts, he does not establish the

5   requisite level of diligence. Petitioner is challenging the

6   constitutionality of his custodial sentence, claiming that he illegally

7   received a greater sentence after his retrial. Doc. No. 1 at 8-12.

8   Petitioner does not allege that he was not present for the sentencing

9   and he fails to explain why he was unable to rely on his own knowledge

10  of what occurred at the sentencing hearing to file his petition in a

11  timely manner. Doc. No. 15-1. This does not establish diligence. <u>See</u>

12  <u>Green v. Hornbreak</u>, 312 Fed. Appx. 915, 916 (9th Cir. 2009) (finding

13  equitable tolling unwarranted based on lack of transcripts when diligent

14  petitioner was present at trial); <u>Trudeau, v. Runnels</u>, 2008 WL 544510

15  (E.D.Cal. Feb. 26, 2008) (stating that the need for transcripts was

16  obviated when Petitioner was present during trial as he was obviously

17  aware of the alleged errors that occurred); and <u>United States v.</u>

18  <u>Battles</u>, 362 F.3d 1195, 1198 (9th Cir. 2004) (stating that "[s]urely due

19  diligence requires that [Petitioner] at least consult his own memory of

20  the trial proceedings"). Similarly, here, Petitioner knew that he had

21

22  _____

23     [4]The evidence that Petitioner submits is not conclusive. Petitioner provides a
    "Mail Card (CDC Form 119) Special Purpose Letters," which purports to list the special
    purpose letters that Petitioner mailed, and copies of several letters sent to or from
24  Petitioner regarding his efforts to obtain his court files. Doc. No. 15-2. However,
    the Mail Card list does not appear to be comprehensive as it does not include at least
25  one of the letters sent by Petitioner. <u>Id.</u> at 2, 4 (list does not include 9/25/04
    letter sent by Petitioner to Superior Court, which is depicted on page 4 of exhibit).
26  Similarly, the Mail Card list indicates that Petitioner received a letter from his
    attorney on 9/25/03 but neither the exhibits nor Petitioner's pleadings describe the
27  substance of this letter.  Moreover, while the letters indicate that Petitioner is
    asserting that he has not received his file from his lawyer, the letters do not explain
28  what response Petitioner's lawyer provided.

1  received an increased custodial sentence immediately upon his
2  resentencing.

3      Even if his conduct established the requisite showing of diligence,
4  Petitioner has failed to establish that the absence of his legal files
5  constituted an extraordinary circumstance preventing him from filing a
6  timely petition. See United States v. Van Poyck, 980 F.Supp. 1108, 1111
7  (C.D.Cal. 1997) (stating that habeas petitioner's lack of access to
8  trial transcripts is not an "extraordinary circumstance" warranting
9  equitable tolling). The Ninth Circuit has found that equitable tolling
10 may be warranted when a prisoner is unable to obtain his court
11 transcripts or access his legal files, however, this is true only where
12 the record shows that the lack of access actually prevented the prisoner
13 from seeking habeas relief. See Perez v. Hedgpeth, 2009 WL174145 at *4
14 (E.D.Cal. Jan. 23, 2009)(citing Battles, 362 F.3d. at 1198 and Lott v.
15 Mueller, 304 F.3d. 918, 924-925 (9th Cir. 2005)). A prisoner must state
16 why the court transcripts are necessary for the preparation of a habeas
17 petition. See Van Poyck, 980 F.Supp. at 1111 (stating that without such
18 an explanation, a court cannot conclude that not having all of the
19 transcripts of proceedings related to a prisoner's conviction and
20 sentence is an extraordinary circumstance). Here, Petitioner has not
21 explained how his failure to obtain court transcripts and other
22 documents prevented him from timely filing for federal habeas relief,
23 nor does he give concrete examples of the type of information he hoped
24 to obtain from the record. Moreover, Petitioner knew that he had
25 received the increased custodial sentence so he would be unable to make
26 such a showing. Accordingly, Petitioner is not entitled to equitable
27 tolling.
28 ///

**C.   Discovery of Factual Predicate, 28 U.S.C. §2244(d)(1)(D)**

A fourth subsection of the AEDPA statute of limitations provides for a later start of the limitations period in certain circumstances:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1)(D).

Petitioner argues that he diligently attempted to obtain his legal documents but that he did not discover the legal authority establishing the unconstitutionality of his sentence until November 3, 2007.  Doc. 15-1 at 6-9.  As discussed above, Petitioner asserts that he was unsuccessful in obtaining court transcripts and legal documents, despite repeated efforts.  Id.  Petitioner explains that on November 3, 2007, he spoke with a prison law clerk who directed his attention to North Carolina v. Pearce, 395 U.S. 711 (1969), a case which according to Petitioner, demonstrates the unconstitutional nature of his sentencing. Id.  Petitioner argues that this discovery, which could not have been made earlier due to his inability to obtain his legal documents, triggered a new statute of limitations period.  Id.

Contrary to Petitioner's argument, belated knowledge of the potential legal basis for a habeas petition does not constitute a new "factual predicate" starting a new limitations period.[5]  The "[t]ime

---

[5] While it is true that a judicial decision may serve as the starting point of the AEDPA statute of limitations, this only applies where the United States Supreme Court newly recognizes a federal constitutional right.  28 U.S.C. § 2244(d)(1)(C)(limitations period may begin when the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review).  As Pearce was decided in 1969, it does not constitute the required new law or right.

begins when the prisoner knows (or through diligence could discovery) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). In his federal petition, Petitioner is challenging the increased sentence he received after retrial. Doc. No. 1 at 8-9. Because the increased sentence was known to Petitioner at the time of sentencing, there is no new "fact" that would justify a new statute of limitations period under section 2244(d)(1)(D). See, e.g., Shannon v. Newland, 410 F.3d 1083 (9th Cir. 2005) (a new state court decision "arguably helpful to petitioner's claim does not constitute the 'factual predicate' for that claim" justifying a new limitations period); Mathis v. Uribe, 2009 WL 3398791, *4-5 (S.D.Cal. October 20, 2009) (petitioner knew he was sentenced to 15 years to life so section 2244(d)(1)(D) did not authorize a new limitations period when he learned legal significance of indeterminate life sentence); Lam v. Curry, 2010 WL 234892, *8-9 (N.D.Cal. January 14, 2010) (finding section 2244(d)(1)(D) inapplicable to petitioner's challenges to his plea agreement because he was knew the terms of the agreement when he entered his guilty plea).

For the foregoing reasons, the Court finds that section 2244(d)(1)(D) does not apply to the instant case and that section 2244(d)(1)(A) does. The Court further finds that the instant Petition was filed after the statute of limitations expired and Petitioner has not satisfied his burden of demonstrating that equitable tolling is appropriate in this case. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (holding that the petitioner "bears the burden of showing that equitable tolling is appropriate"). As a result, this Court finds that the claims presented in the Petition are barred by the

AEDPA's one-year statute of limitations and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondents' Motion to Dismiss; and (3) dismissing this action in its entirety with prejudice.

**IT IS ORDERED** that no later than **February 22, 2010** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 15, 2010**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED:  February 1, 2010

BARBARA L. MAJOR
United States Magistrate Judge