FILED

2010 MAY 11 PM 4:28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS BOUDREAUX,<br><br>　　　　　　　　　　Petitioner,<br>vs.<br><br>JAMES WALKER, et al.,<br><br>　　　　　　　　　　Respondents. | CASE NO. 09CV0662-BEN (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS**<br><br>[Dkt Nos. 11, 16] |

## INTRODUCTION

Petitioner Thaddeus Boudreaux, a state prisoner proceeding *pro se,* filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 ("Petition") to challenge his sentence for a variety of crimes. (Dkt No. 1.) Respondent James Walker filed a Motion to Dismiss ("Motion") the Petition based on untimeliness. (Dkt No. 11.) Petitioner filed an opposition; Respondent did not file a reply.

On February 1, 2010, Magistrate Judge Barbara Major issued a Report and Recommendation, recommending that Respondent's Motion be granted. (Dkt No. 16.) Petitioner filed an Objection to the Report and Recommendation. (Dkt No. 19.)

After conducting a de novo review, for the reasons stated below, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Respondent's Motion.

## BACKGROUND

On August 8, 1997, a jury convicted Petitioner of kidnaping with personal use of a firearm in violation of California Penal Code ("Cal. Penal Code") §§207(a), 12022.5(a), attempted robbery with the personal use of a firearm, Cal. Penal Code §§ 664, 211, 213(b), 12022.5(a), assault with the personal use of a firearm, Cal. Penal Code § 245(a)(2), kidnaping for sexual purposes with the personal use of a firearm, Cal. Penal Code §§ 207, 208(d), 12022.5(a), oral copulation while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code §§ 288a(d), 12022.3(a), 667.8(a), forcible rape while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code § 261(a)(2), 12022.3(a), 264.1, 667.8(a), two counts of forcible sodomy while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code § 286(b), 12022.3(a), 667.8(a), forcible oral copulation with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code § 288a(c), 12022.3(a), possessing a firearm after having been convicted of a prior violent felony, Cal. Penal Code § 12021(a) and possessing a firearm as an ex-felon, Cal. Penal Code § 12021(a). (Lodgment 1 at 1-2.) Petitioner was sentenced to a term of seventy-five years and eight months. (*Id.* at 2.)

On May 25, 1999, Petitioner appealed his sentence to the California Court of Appeal which reduced his sentence by nine years. (Lodgment 1.) Petitioner then filed a petition for review in the California Supreme Court, which was denied. (Lodgment 2.) Petitioner asserts he did not seek review in the United States Supreme Court. (Dkt No. 1 at 3.)

On June 22, 2000, Petitioner filed a petition for writ of *habeas corpus* in the San Diego County Superior Court, which was denied. (Lodgments 3 & 4.) An amended decision was issued by the Court on June 19, 2002. (Lodgment 5.)

On December 13, 2007, Petitioner filed a second petition for writ of *habeas corpus* in the San Diego County Superior Court, which was also denied, first by that court and then again on appeal. (Lodgments 6-9.) Petitioner then sought review in the California Supreme Court, which was denied on February 11, 2009. (Lodgments 10 & 11.)

On April 1, 2009, Petitioner filed the instant petition under 28 U.S.C. § 2254. (Dkt No. 1.) The Petition was signed March 26, 2009, which is the date this Court considers for purposes of the Motion and timeliness of the Petition. *Ford v. Hubbard*, 330 F.3d 1086, 1097 (9th Cir. 2003), *overruled on other grounds by Pliler v. Ford*, 542 U.S. 225 (2004). Under the Petition, Petitioner alleges his sentence violates the Sixth and Fourteenth Amendments and the Due Process Clause of the United States Constitution.

Respondent filed a Motion to Dismiss ("Motion"), arguing the Petition is not timely. (Dkt No. 11.) Petitioner opposed the Motion, arguing that the limitations period was equitably tolled or, in the alternative, the Petition is timely pursuant to subsection D of AEDPA. (Dkt No. 19.) Respondent did not file a reply.

On February 1, 2010, Magistrate Judge Major issued a Report and Recommendation, recommending that the Court grant the Motion and dismiss the Petition, to which Petitioner filed an Objection. This Court reviews the Report and Recommendation de novo. See Fed. R.Civ. P. 72(d) (the district court must review de novo any part of the magistrate judge's report and recommendation to which a proper objection has been filed).

## DISCUSSION

### I. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners to file a federal habeas petition in federal court. Specifically, the statute states, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).

The parties disagree as to which provision governs the commencement of the limitations period in this case. Petitioner argues subsection D applies; Respondent argues subsection A applies. The Court finds that subsection A applies, as set forth below.

Under Section 2244(d)(1)(A), the one-year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." *Id.* § 2244(d)(1)(A). The Supreme Court has explained that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for a writ of certiorari elapsed or a petition for certiorari finally denied." *United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982). In this case, Petitioner's first petition for review to the California Supreme Court was denied on August 11, 1999. (Lodgment 2.) After taking into account the 90-day period of time for filing a petition for certiorari, Petitioner's judgment became final on November 9, 1999. Therefore, absent tolling, the limitations period expired one year later, on November 9, 2000. Because Petitioner did not file his petition until March 26, 2009, the Petition is untimely, unless sufficiently tolled.

Contrary to Petitioner's assertions, subsection D relating to commencement of the limitations period does not apply to this case. That subsection provides for a later start of the limitations period, under certain circumstances. Specifically, the statute reads that the limitations period commences "from the latest date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner argues this provision applies because he diligently attempted to obtain pertinent legal documents earlier, including court transcripts, but was unsuccessful. Petitioner also argues that, despite his best efforts, he was unable to discover relevant legal authority that supported the basis of his Petition. Petitioner contends he was not able to discover such legal authority until he spoke with a prison law clerk on November 3, 2007. Petitioner argues this new discovery triggered a new statute of limitations. The Court disagrees.

The "[t]ime begins when the prisoner knows (or through diligence could discovery) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2000) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000)). In his Petition, Petitioner challenges the increased sentence he received after trial. (Dkt No. 1 at 8-9.) Petitioner, therefore, knew the factual predicate to his Petition at the time of resentencing. There is plainly no new fact that justifies the commencement of a new limitations period under subsection D. *See, e.g., Mathis v. Uribe*, 2009 WL 3398791, *4-5 (S. D. Cal. October 20, 2009) (petitioner knew he was sentenced to 15 years to life so Section 2244(d)(1)(D) did not authorize new limitations period when he learned legal significance of indeterminate life sentence); *Lam v. Curry*, 2010 WL 234892, * 8-9 (N.D. Cal. January 14, 2010) (finding Section 2244(d)(1)(D) inapplicable to petitioner's challenge to plea agreement because petitioner knew terms of agreement when entering into guilty plea).

Thus, absent tolling, the statute of limitations for Petitioner to file his federal habeas petition expired on November 9, 2000.

## II. TOLLING

### A. Statutory Tolling

AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2).

The AEDPA's limitations period is generally tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The statute of limitations is not tolled, however, "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenged is filed," or from the time between state post-conviction proceedings are final and federal habeas proceedings are initiated. *Id.*; 28 U.S.C. § 2244(d)(2).

Here, the statute of limitations began running on November 9, 1999 and continued to run

| | |
|---|---|
| 1 | until Petitioner filed a petition in the California Superior Court on June 22, 2000. By this time, |
| 2 | Petitioner had already utilized 225 of the 365 days allotted under the statute. Once the Superior |
| 3 | Court issued its decision on June 19, 2002, Petitioner then only had 140 days to seek relief in |
| 4 | federal court. Therefore, to comply with the AEDPA statute of limitations, Petitioner needed to |
| 5 | file a federal petition on or before November 6, 2002. He did not do so. Instead, Petitioner filed a |
| 6 | second petition for habeas relief in state court on December 13, 2007. (Lodgment 6.) However, |
| 7 | there is no tolling between sets of state habeas petitions. *Biggs v. Duncan*, 339 F.3d 1045 (9th Cir. |
| 8 | 2003). Additionally, once the limitations period has run, a collateral action cannot revive it. |
| 9 | *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). As the instant petition was not filed until |
| 10 | March 26, 2009, the Petition is untimely. |
| 11 | **B. Equitable Tolling** |
| 12 | Equitable tolling is available only if a petitioner demonstrates "extraordinary |
| 13 | circumstances" beyond his control that make it impossible to file a petition on time. *Spitsyn v.* |
| 14 | *Moore*, 345 F.3d 796, 799 (9th Cir. 2004). The "threshold necessary to trigger equitable tolling |
| 15 | [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* To show that equitable |
| 16 | tolling applies, a petitioner "bears the burden of establishing two elements: (1) that he has been |
| 17 | pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." |
| 18 | *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). |
| 19 | Petitioners argues "extraordinary circumstances" prevented him from filing his petition |
| 20 | timely because, despite best efforts, between April 2002 and October 2003, Petitioner was unable |
| 21 | to obtain pertinent legal documents necessary to prepare his Petition. (Dkt No. 15-1, at 8.) Even |
| 22 | after obtaining the assistance of other counsel, Petitioner argues he was still unable to obtain the |
| 23 | documents he needed. *Id.* at 8-9. |
| 24 | Even taking this additional time into account, however, the Court notes that the Petition is |
| 25 | still untimely. As noted, 225 days expired before Petitioner filed his first state habeas petition; |
| 26 | therefore, only 140 days remained. If time was tolled until December 2004 (Dkt No. 15-1 at 9), |
| 27 | Petitioner would have had to file his federal petition by May 2005. However, Petitioner did not |
| 28 | file his federal petition until March 26, 2009. Therefore, even if equitable tolling applied, the |

1 | Petition is still untimely.

2 |     Nonetheless, the Court finds that Petitioner is not entitled to equitable tolling. Although the Ninth Circuit has found that equitable tolling may be warranted when a prisoner is unable to obtain his court transcripts or access his legal files, such tolling only applies where the record shows that the lack of access actually prevented the prisoner from seeking habeas relief. *See Perez v. Hedgpeth*, 2009 WL 174145 at *4 (E.D. Cal. Jan. 23, 2009) (citing *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) and *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2005)). A prisoner must state why the court transcripts are necessary for the preparation of a habeas petition. *United States v. Van Poyck*, 980 F.Supp. 1108, 111 (C.D. Cal. 1997). Here, Petitioner has failed to explain why the legal documents he sought were necessary and how the failure to obtain those documents prevented him from filing the Petition for more than five years. Petitioner also does not give concrete examples of the types of information he hoped to obtain from the record. Petitioner does not allege that he was not present for the sentencing and fails to explain why he was unable to rely on his own knowledge of the events to file his petition in a timely manner. Rather, as noted, Petitioner knew that he had received an increased custodial sentence immediately upon his sentencing. Accordingly, the Court finds that Petitioner has not demonstrated the existence of extraordinary circumstances justifying his lengthy delay in filing the Petition, and, thus, has not demonstrated that equitable tolling applies.

## CONCLUSION

Because equitable tolling is inapplicable, and statutory tolling fails to bring the petition within the applicable limitations period, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety and **GRANTS** Respondent's Motion to Dismiss the Petition.

**IT IS SO ORDERED.**

Date: May //, 2010

Hon. Roger T. Benitez
United States District Court Judge