FILED
2011 MAY 16 PM 1:29
CLERK US D[...]
SOUTHERN DISTRICT [OF CALIFORNIA]
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS BOUDREAUX,<br><br>                      Petitioner,<br>vs.<br><br>JAMES WALKER, et al.,<br><br>                     Respondents. | CASE NO. 09-CV-0662 BEN (BLM)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>[Docket No. 23] |

       On April 1, 2009, Petitioner Thaddeus Boudreaux, a state prisoner proceeding *pro se,* filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 ("Petition"), challenging his sentence for a variety of crimes. On February 1, 2010, Magistrate Judge Barbara Major issued a Report and Recommendation, recommending that the Petition be dismissed as untimely. (Docket No. 16.) On May 11, 2010, having reviewed the Report and Recommendation and Petitioner's objections thereto, and after conducting a de novo review of the issues, the Court adopted the Report and Recommendation and dismissed the Petition. (Docket No. 20.) Petitioner now requests that the Court reconsider that Order.

## BACKGROUND

       On August 8, 1997, a jury convicted Petitioner of kidnaping with personal use of a firearm in violation of California Penal Code ("Cal. Penal Code") §§207(a), 12022.5(a), attempted robbery with the personal use of a firearm, Cal. Penal Code §§ 664, 211, 213(b), 12022.5(a), assault with

the personal use of a firearm, Cal. Penal Code § 245(a)(2), kidnaping for sexual purposes with the personal use of a firearm, Cal. Penal Code §§ 207, 208(d), 12022.5(a), oral copulation while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code §§ 288a(d), 12022.3(a), 667.8(a), forcible rape while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code §§ 261(a)(2), 12022.3(a), 264.1, 667.8(a), two counts of forcible sodomy while acting in concert with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code §§ 286(b), 12022.3(a), 667.8(a), forcible oral copulation with the use of a firearm, having kidnaped the victim for the purpose of committing a sexual offense, Cal. Penal Code §§ 288a(c), 12022.3(a), possessing a firearm after having been convicted of a prior violent felony, Cal. Penal Code § 12021(a) and possessing a firearm as an ex-felon, Cal. Penal Code § 12021(a). (Lodgment 1 at 1-2.) Petitioner was sentenced to a term of seventy-five years and eight months. (*Id.* at 2.)

Petitioner sought review from various higher state courts, until finally he filed a petition in this Court for writ of habeas corpus under 28 U.S.C. § 2254. Under the Petition, Petitioner alleges his sentence violates the Sixth and Fourteenth Amendments and the Due Process Clause of the United States Constitution.

Respondent filed a Motion to Dismiss ("Motion"), arguing the Petition is not timely. (Docket No. 11.) Petitioner opposed the Motion, arguing that the limitations period was equitably tolled or, in the alternative, the Petition is timely pursuant to subsection D of AEDPA. (Docket No. 19.) Respondent did not file a reply.

On February 1, 2010, Magistrate Judge Major issued a Report and Recommendation, recommending that the Court grant the Motion and dismiss the Petition, to which Petitioner filed an Objection. This Court reviewed the issues de novo and, on May 11, 2010, filed an order ("Order") adopting the Report and Recommendation and dismissing the Petition accordingly. (Docket No. 20.) Almost a year later, Petitioner filed the Motion currently before the Court, seeking review of that Order.

///

## DISCUSSION

Petitioner moves for reconsideration under Federal Rule of Civil Procedure 60(b). Rule 60(b) allows for reconsideration due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner argues that subsections 1 and 6 apply. However, Petitioner merely restates the same arguments asserted in the Petition; Petitioner does address the timeliness issues that provided the basis for the Order, nor does he discuss how the Court's Order is based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Petitioner's argument that his sentence is fundamentally unfair also does not provide a "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Accordingly, Petitioner has failed to show that any grounds exist to reconsider the Order.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED: May 13, 2011

Hon. Roger T. Benitez
United States District Judge